## 9297

### HAIR v. WINNSBORO BANK.

#### (88 S. E. 26.)

APPEAL AND ERROR. CHARGE. REQUESTS. MOTION FOR NEW TRIAL. BANKS AND BANKERS. FORGED CHECKS.

1. APPEAL AND ERROR—CHARGE.—Exceptions assigning error in detached portions of charge will not be considered where it appears from the entire charge that the portions excepted to were not prejudicial to appellant.

1a. BANKS AND BANKING—DEPOSITS—PAYMENT OF FORGED CHECK—LIABILITY.—A bank paying forged checks purporting to be signed by a depositor is liable to the depositor, unless he is guilty of negligence either in discovering the forgery or in notifying the bank within a reasonable time after discovering it.

2. CHARGE—REQUESTS.—A request to charge need not be given in the exact language requested.
3. NEW TRIAL.—Where there is no error of law on the part of the trial Judge the Supreme Court cannot interfere with his order refusing a new trial.

Before PRINCE, J., Winnsboro, October, 1915. Affirmed.

Action by Jennie B. Hair against the Winnsboro Bank. From judgment for plaintiff, defendant appeals.

The charge of the Circuit Judge was as follows:

Mr. Foreman and Gentlemen of the Jury: The plaintiff comes into Court and alleges in her complaint against the Winnsboro Bank that at the time mentioned in the complaint she had on deposit in said bank in the savings department an amount exceeding two thousand dollars. She alleges, in the second place, that that bank paid numerous. checks which she sets out in her complaint, aggregating twenty-four hundred and seventy-six dollars, I think she alleges, and charged these forged checks to her account and reduced it by that amount, and she asks judgment against this bank for having paid out of her account without her knowledge and authority twenty-four hundred and seventy-six dollars.

Now, the bank comes in and for a first defense denies each and every allegation of the complaint. That puts in issue .every material allegation of plaintiff's complaint except the corporate capacity of the defendant bank. Then in the second place and for a second defense the bank alleges that if the checks were forged as alleged by the plaintiff the plaintiff was herself guilty of negligence in not discovering the forgery and notifying the bank, and in consequence and as a proximate result of her negligence the

FOOTNOTE.—As to duty of depositor having a checking account to examine books and vouchers upon their return from the bank, see notes in L. R. A. 1915d, 741.

bank has been injured, prejudiced to the amount that had been forged. That plaintiff's duty was to notify the bank within a reasonable time after receiving statements and vouchers, cancelled vouchers; that it was negligence on her part in failing to do so, and as a proximate result of her negligence the bank has been injured to the amount of the forged checks. In the next place, and as a third defense, they allege if these checks were forged as alleged by the plaintiff that they are not responsible to plaintiff for any payments after the first check or after any that were forged subsequently because plaintiff did not within a reasonable time after receiving the bank statement and the cancelled vouchers notify the bank of its payment, and that her failure to do so had induced the bank to believe that the checks were all right, and had placed the bank in a false position and caused it to lose money by paying subsequent checks which it would not have paid had it been notified. Now, that is the substance of it.

Now, Mr. Foreman, plaintiff could have come into Court and merely alleged that she had in the bank so much money and she had demanded that money and the bank had refused to pay it, and it would have been up to the bank to have shown that it had paid it out on valid orders or checks of hers. The burden would have been on the bank to show that the checks were genuine. Plaintiff has elected to assume the burden herself. She alleges that the checks were forged, and so the burden of proving the forgery is upon her, and she must do that by the greater weight of the testimony. In her complaint she admits that the bank paid checks that purported to have been signed by her, and she alleges that these checks were forged, so the burden of establishing that proposition by the greater weight of the evidence rests upon her, and if she has failed to do so you must stop right there and write a verdict for the defendant. I charge you this, Mr. Foreman, that the bank pays out the depositor's money always at its peril. When the bank pays

the check, or alleged check, of the depositor the bank risks the fact whether that is a forgery or a genuine check, a valid check; and if it turns out to be a forgery the bank has no right to charge to its depositor's account the amount that it paid out on a forged check, however perfect the forgery may be, however calculated to deceive the most expert man, if it be a forgery the bank must lose it so far as the depositor is concerned. Now, Mr. Foreman, where the bank furnishes its depositor with a statement of account and returns to the depositor the cancelled vouchers the law imposes upon the depositor the duty within a reasonable time—and just what would be a reasonable time is a question of fact for the jury and not for me—within a reasonable time to examine those vouchers in connection with the statement, and if there is anything wrong with them to call the bank's attention to it; if there is a forged check among the cancelled vouchers to call the bank's attention to the forged check. Now, if the depositor who has received—mark what I say now—who has received the statement and vouchers fails within a reasonable time to call attention to it, then the bank is not liable to that depositor on account of the forged check which has not been called to its attention within a reasonable time after the depositor received it, if the bank has been put in jeopardy by the failure of the depositor to call its attention to that forgery. The depositor has six years to sue the bank after he discovers that the bank has paid out his money on a forged check, but, gentlemen of the jury, if the depositor by unreasonable delay in calling attention to the bank has caused the bank to place itself in a worse position than it otherwise would have been, then the depositor is estopped from claiming that the bank must repay to him this money paid out on a forged check. Now, I don't think that I make myself very clear. What I mean is this: If a bank pays a forged check the statute of limitations don't run in favor of the bank until six years after the depositor has

notice that there has been a forgery. That relates to the statute of limitations; so the depositor can sue the bank within six years afterwards unless the bank has suffered damage by an unreasonable delay on the part of the depositor which would work an estoppel. Now, Mr. Foreman, in this case suppose you found that those checks were forged. Then I charge you the bank is liable right there, unless the plaintiff was guilty of negligence whether in discovering the forgery or within a reasonable time after she had an opportunity to discover it, or within a reasonable time after she did discover it. That, even, would not annul her right to sue the bank unless that negligence was the proximate cause of injury to the bank, loss to the bank. In other words, if the bank could have made itself whole and had not made itself whole because of the negligent delay of the depositor either in discovering the forgery or in giving notice of the forgery, then the bank can plead that as an estoppel; but in order to constitute that an estoppel the burden is on the bank to show that there was negligence either in discovering the forgery, or in giving notice within a reasonable time after discovering it, and that unreasonable delay had caused it loss. And to the extent of that loss if it would be to the full amount of the forgery, the plaintiff would be estopped; if it was less amount she would be estopped to a less extent than the full amount. Now, that is as to the defendant's second defense as stated here. Now, then, the question is has the bank shown by the preponderance of the evidence that the plaintiff was negligent after receiving the statement or the notice of it? Have they shown that after she discovered the forgery she delayed an unreasonable time in giving the bank notice of that check? And was that unreasonable delay the proximate cause of loss to the defendant bank? If so, she can't recover to the extent which she has by her unreasonable delay caused the bank to suffer loss whether that would be a partial loss or total loss is a question for the jury. But

to the extent to which the bank has suffered loss, if you
find that the bank has proved by the greater weight of the
evidence that the plaintiff has been negligent in either respect
I have stated to you and that negligence has caused the bank
to suffer loss, the bank can set that up as a defense to the
extent to which it suffered loss that was the proximate result
of the plaintiff's negligence.   Mr. Foreman, I charge you
that an agent cannot commit a forgery within the scope of
his agency.   We will not presume that that was within the
scope of his agency, to commit a forgery.   I charge you
further that a husband may be appointed agent of the wife
to examine her vouchers and the statement of her account
rendered by a bank, and notice to him while acting within
the scope of his agency, that is while acting upon the exam-
ination of the vouchers and statement, would be notice to
his principal, who would be his wife.   But, gentlemen, that
agency has got to be proven, if the wife is to be held respon-
sible for the conduct of. her husband.   It has got to be
shown that she had authorized him to pass on her bank
account and to examine the statements rendered to her by
a bank and the vouchers cancelled and returned to her.
Then if she didn't give the bank notice, if there be forged
checks in that statement and among the cancelled vouchers,
if she didn't give the bank notice within a reasonable time,
if the bank suffered loss by reason of her failure to give the
notice the bank would not be responsible.   In other words,
notice to the agent must be attributed to the principal
whether that agent was the original wrongdoer or not.   It
is a question of whether the agent had authority from the
principal to examine the bank statement and pass on the
vouchers.   Now, Mr. Foreman, did the husband have any
agency here to receive from the bank statements of her bank
account and pass on them?   The burden is on the defend-
ant to show it if they claim they are exempt on that account,
on account of anything the husband did in the examination
of that account.   It does not make any difference whether

he did or did not actually examine the statements. The question is whether he had the authority to act for his wife in examining them, and whether he had the authority to receive them, if he did receive them. Now, if he did not have that authority and the wife did not know anything about it, she did not know that statements had been sent and did not know that he had received the vouchers, she is not estopped by anything he did; and the burden is on the defendant to show that he did have authority; it must do that by the greater weight of the evidence. Now, then, to come to the third defense. That is this, Mr. Foreman. If your neighbor passes on me your note, or one that purports to be signed by you, and it is a forgery and he receives payment for that note and you didn't call my attention to the forgery and your neighbor then passes on me another and I, because of your approval of the first note, were allowed to accept that note that had been forged on you, you would be estopped to deny the note, or claim that it was a forgery. That is what that means, and that is just common fair play, just common honesty between man and man. That is good common sense, good morals and good law. If, by your conduct you induce me to act on his assurance that that is your note you cannot be heard afterward to say that it was not your note; because I had placed myself in the awkward position of having a paper that was null and void, no good, and I had been placed in that position by your conduct. Now, in order for it to have that effect it must be shown by the greater weight of the evidence. It must be shown in this case that the plaintiff knew, or ought to have known, of the forged checks in advance of these subsequent forgeries in order to exonerate the bank, and that she had failed to give notice in a reasonable time to the bank, and that the bank had suffered loss by reason of that failure. Now, if by her conduct she induced the bank to accept those subsequent checks, why, if anybody is to suffer it must be her and not the bank. But in order to

estop her by her conduct she must have either actually known, or ought to have known, of the forged checks. It is a question of fact for you. Did she know that? Did she have in her possession either statements rendered by the bank, or cancelled vouchers that would have put her on notice, or would have put a person of ordinary reason and prudence on notice that there had been forged checks charged to her account? If she did not have such notice she is not affected by that, and the bank cannot claim that as a defense. If she had notice, or ought to have had notice, if she had an opportunity to acquire notice and did not acquire it, through some negligence on her part, and her negligence caused the bank to suffer loss, why, the loss must fall on her, because he whose negligence causes another loss must bear the loss. It is on that principle that if she has negligently caused the bank to suffer loss she must bear it; she cannot hold the bank responsible. Now, gentlemen, if the bank has failed to satisfy you in this case by the greater weight of the evidence that she was guilty of negligence which was the proximate cause of loss to the bank, and if you are satisfied by the greater weight of the evidence that the checks were forged, and the bank paid that amount of money out of her money on the forged checks the bank is responsible, it would be your duty to find that amount for the plaintiff. She does not ask interest, and we never give on this side of the Court what is not asked for. She is not seeking to recover interest from the bank. One inquiry that you will make in this case under the facts, gentlemen: Did the husband have any statement from the bank? Or did he have any vouchers? Did he have them both? Did she know about it? It is up to the bank to show that she did. If she knew it—if you become satisfied that the husband had it, that it was not in her possession, if she knew it it is the same thing as if it was in her possession, if she knew he had them. She ought to have taken steps within a reasonable time if she objected to his keeping them to

have secured possession of them, and if she failed to do that after notice that he had them within a reasonable time, that would be negligence; that is if one of ordinary reason and prudence in the circumstances would have done so; that is the test of negligence.

Negligence is the doing of that which a man of ordinary reason and prudence would not do, or the failure to do that in the circumstances which a man of ordinary prudence and reason would have done. That is negligence.

Now, Mr. Foreman, if you find that the bank is liable for all these checks and that they are forged, why, you find against the bank for the full amount, and the form of your verdict will be "We find for plaintiff so many dollars," writing it out in words and not in figures. If the plaintiff has failed to satisfy you by the preponderance of the evidence that the checks were forgeries, the form of your verdict in that event will be "We find for the defendant," because that is the burden that rests upon her. That is, I mean, if she fails to satisfy you that any of them, that any one of them, is forged; then the form of verdict would be for the defendant. If she has satisfied you by the greater weight of the evidence that one or more—to whatever extent she does satisfy you by the greater weight of the evidence that they are forgeries, that they are forged—to that extent she is entitled to recover, unless the bank has proven her guilty of negligence in one of the respects complained of which was the proximate cause of loss to the bank.

Mr. Douglas: Will your Honor allow me to interrupt you on the form and amount of the verdict? If they should find that a check was forged and returned as a voucher subsequently, then they would reduce that from the amount under the law as your Honor has given it. You stated that they would find for the full amount or for the defendant. It wouldn't necessarily be for the full amount.

The Court: Well, I meant that, gentlemen. I thought you had sense enough to understand it.

A Juror: We understood it.

The Court: Suppose you found that the bank under the law as I have given it to you is liable for half of this amount; but it was her own negligence which caused the bank to suffer the loss of the other half. Why, she could only recover for half. That wouldn't cancel the whole.

Mr. Douglas: Then, if your Honor please, I would like for your Honor to charge that what is a reasonable time is for the jury.

The Court: I have told them that once or twice. Gentlemen, that is purely a question of fact for you and is to be determined by the circumstances, all the surrounding circumstances. What would be reasonable for one thing, you know, would not be reasonable for another, and the conditions of every transaction must be considered by the jury in determining what would be a reasonable time. As I was about to remark, gentlemen, when I was interrupted by counsel, counsel for the defendant has requested me to charge you certain specific requests, but as I am satisfied that I have covered so much of them as I am willing to charge, in my general charge, I will not read any of them to you.

*Mr. W. D. Douglas,* for appellant: (1) *Is it necessary for the bank to return to the depositor his cancelled vouchers when his pass book is balanced, or when a statement of his account is rendered, in order that he may discover false or forged charges against him, or might not a statement of his account or his pass book alone, containing entries of his deposits and withdrawals, lead to the discovery of the errors, independently of the vouchers?* (2) *Can the plaintiff complain of the failure to receive the actual and manual possession of her pass book, statements of her account, or cancelled vouchers, if the defendant adopted the mails as the mode of communication, and which she authorized?* 117 U. S. 106; 20 L. R. A. (N. S.) 79, 107; 96 U. S. 716,

720; 69 Tex. 38; 5 Am. St. Rep. 23. *Must the bank show by evidence other than the payment of the forged checks that it had been placed in a worse plight?* 20 L. R. A. (N. S.) 79; 117 U. S. 115. *Refusal of new trial:* 100 S. C. 302. *Estoppel:* 37 Am. Rep. 704; 53 Me. 103.

*Messrs. McDonald & McDonald,* for respondent, cite: *Supreme Court cannot inquire into sufficiency of evidence:* 61 S. C. 17; 65 S. C. 197; 65 S. C. 510; 66 S. C. 302; 68 S. C. 53; 67 S. C. 18. *Depositor's duty:* 5 Am. & Eng. Enc. of L. 1069; 117 U. S. 96; 20 L. R. A. (N. S.) 79; L. R. A., 1915d, 753; 16 L. R. A. (N. S.) 593.

March 2, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against the defendant to recover the sum of $2,476. Plaintiff alleged that during the years 1909 and 1910 she had on deposit with the defendant bank a sum in excess of $4,000; that during these years the defendant charged against her account $2,476 on a number of checks purporting to be signed by her, but which checks were in truth and fact forgeries; that she made demand upon the bank for repayment, but her demand had been refused. The defendant denied that the checks were forged, but alleged that if the same had been forged the plaintiff had been negligent in not giving prompt or reasonably prompt notice to the bank when she either knew, or should have known, that the forgeries had been committed, and that hence she should be estopped to recover.

The case was tried before his Honor, Judge Prince, and a jury, at the Fall term of the Court, 1915, for Fairfield county, and resulted in a verdict for the plaintiff in the sum of $2,476. After verdict a motion for a new trial was made by the defendant and refused, and after entry of judgment defendant appeals.

23—103

· The exceptions 1, 2 and 3 impute error in charging the jury as he did; exceptions 4 and 5 in not charging certain requests of the defendant; and exceptions 6, 7 and 8 in not setting aside and granting a new trial on grounds urged ·by the defendant.

This Court has said that it will not consider exceptions based upon part of the Judge's charge, or detached portions thereof, where the charge taken as a whole shows that the portions excepted to are not prejudicial to the parties complaining.

A careful reading of Judge Prince's charge as a whole shows that there is no foundation for the exceptions made by the defendants.

In charging the jury as he did he was careful to give the law applicable to the case, he charged the jury fully that if the checks were forged that the bank was liable unless the plaintiff was guilty of negligence either in discovering the forgery or in failing within a reasonable time after she discovered it to notify the bank.

His charge as a whole, as to what her actions, her conduct, and her duty in the premises were, and what would estop her was full. His charge as a whole was able, fair and impartial, and was a correct interpretation of the law of the case, and was not in any manner prejudicial to the defendant. He submitted to the jury as was proper the disputed facts, and in no manner invaded their province, and correctly charged the law to them.

A Judge has the right in declaring the law in a case to do so in his own language, and where a request is preferred, and is sound and correct law, the party preferring the request has a right to have the jury get the benefit of it, but not as a matter of right in the language of the lawyer, but the Court can convey it to the jury in the language of the Court.

The exceptions that complain of error on the part of his Honor are overruled, as it has not been made to appear that

either what he charged or failed to charge the requests of the defendant were prejudicial to the defendant.

He charged all the law that was necessary for the jury to have. His charge was correct; he neither charged anything that was prejudicial to the defendant or by his failure to charge any requests of the defendant prejudiced the defendant.

Judge Prince's charge was an able exposition, covering every phase of the case, he laid down the principles of law applicable to the case. He neither did nor left undone anything that was prejudicial to the defendant in any of the exceptions made by the defendant.

The Judge after hearing the whole case refused the motion for a new trial, and having refused to set it aside this Court has no power to interfere, as there is no error of law on the part of the Judge in any of the particulars complained of. All exceptions overruled. Judgment affirmed.

Messrs. Justices Hydrick and Fraser concur in the opinion of the Court.

Neither the Chief Justice nor Mr. Justice Gage sat on the hearing of this case, nor participated in its consideration.